UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.,

    Plaintiff,

v.

HENRY FORD HEALTH
SYSTEM, HENRY FORD
MACOMB HOSPITAL
CORPORATION and HENRY
FORD WYANDOTTE HOSPITAL
CORPORATION,

    Defendants.

Case No. 4:20-CV-10033-SDD-APP

Hon. Stephanie Dawkins Davis

## JOINT STATUS REPORT

Simon Zagata (P83162)
Michigan Protection and Advocacy Service, Inc.
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
szagata@mpas.org

Thomas M. Schehr (P54391)
Dykema Gossett PLLC
Attorney for Defendant
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6800
tschehr@dykema.com

A Rule 16 Scheduling Conference is scheduled for Thursday, May 28, 2020 at 12:00 p.m. before the Hon. Stephanie Dawkins Davis. Appearing for the parties as counsel will be:

> Simon Zagata on behalf of Plaintiff.
>
> Thomas M. Schehr on behalf of Defendants.

1) <u>Jurisdiction</u>: The basis for the Court's jurisdiction is: Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.

2) <u>Jury or Non-Jury</u>: Plaintiff has demanded a non-jury trial.

3) <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4) <u>Geographic Transfer</u>: Not advised by the parties.

5) <u>Statement of the Case</u>: This case involves:

> **Plaintiff's Statement:** Plaintiff is claiming Defendants, Henry Ford Health System, Henry Ford Macomb Hospital Corporation and Henry Ford Wyandotte Hospital Corporation failed to properly respond to Plaintiff's request for documents.
>
> Plaintiff, Michigan Protection nad Advocacy Service, Inc. (MPAS) is the designated protection & advocacy (P&A) organization for Michigan. As the designated P&A, MPAS has responsibilities delineated by federal law. One of those responsibilities is investigation of alleged incidents of abuse and/or neglect of people with disabilities, including people with mental illness. To fulfill this obligation, federal law grants MPAS the right to access a wide range of documents and records upon request.
>
> On or about October 19, 2019, MPAS received three psychiatric notification of death reports from the Michigan Department of

Licensing and Regulatory Affairs. The reports detailed the deaths of individuals served by Defendants. Based on those reports, MPAS opened an investigation.

To complete its investigation, MPAS sent requests for records to Defendants, Henry Ford Wyandotte and Henry Ford Macomb. The requests asked for a wide variety of documents. Defendants acknowledged Plaintiff has duties under federal law and a right to access some of the requested records. Defendants partially responded to the requests, providing MPAS with medical records. However, Defendants withheld root cause analysis, peer review and Office of Recipient Rights (ORR) records that MPAS requested.

Plaintiff alleges that Defendants are obligated to provide the withheld root cause analysis, peer review and ORR records under federal law. Defendants hold that the documents are confidential and not subject to disclosure.

**Defendants' Statement:** Defendant long ago produced all medical records to which Plaintiff is entitled regarding the three patients at issue. Plaintiff has no right to any additional information and does not need anything more to fulfill its investigative role. Plaintiff's request for peer review records is improper because Defendant is precluded from disclosing them under the law. *See, e.g.*, MCL 333.21515, MCL 333.20175, and *Feyz v. Mercy Memorial Hosp.*, 475 Mich. 663, 681 n.2; 719 N.W.2d 1 (2006), where the Michigan Supreme Court stated:

Peer review records have thus been fully protected from disclosure even to the Attorney General when conducting a criminal investigation. [*Attorney General v. Bruce*, 422 Mich. 157, 168-70]; *In re Investigation of Lieberman*, 250 Mich. App. 381 (2002). Moreover, these nondisclosure protections apply regardless of the claim asserted by the party seeking the records. *Manzo v. Petrella*, 261 Mich. App. 705, 715; 683 N.W.2d 699 (2004).Pendent State Claims: This case does not include pendent state claims.

3

6) <u>Joinder of Parties and Amendment of Pleadings</u>: Joinder of parties will be completed and all motions to amend the pleadings will be filed by **July 15, 2020.**

7) <u>Disclosures and Exchanges</u>:

   (i) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

   Plaintiff and Defendants agree that Rule 26(a)(1) disclosures are not necessary in this case, as the issues are purely legal in nature.

8) <u>Discovery</u>: The parties agree that the issues in this case are legal in nature and will not require discovery, as the case centers on production of documents.

   In the unanticipated event that discovery is necessary, it will be completed by **August 15, 2020**.

9) <u>Disclosure or Discovery of Electronically Stored Information</u>: It is not anticipated that disclosure or discovery of ESI will be necessary in this case. If it becomes necessary, the parties will discuss the production of electronically stored information and agree that they will confer in good faith to determine an appropriate protocol for the exchange of any ESI. All reasonable steps will be taken to preserve electronically stored information.

10) <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5).

11) <u>Motions</u>: The parties acknowledge that E.D. Mich. L.Civ.R. 7.1(a) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(a).

The following dispositive motions are contemplated by each party:

**Plaintiff:** Motion for Summary Judgment and Permanent Injunction

**Defendants:** Motion for Summary Judgment

The deadline for dispositive motions will be **September 15, 2020.**

12) <u>Alternative Dispute Resolution</u>: The parties do not recommend that this case be submitted to alternative dispute resolution at this time.

13) <u>Length of Trial</u>: Counsel estimates the trial will last approximately  1  day total, allocated as follows:  1/2  day for Plaintiff's case,  1/2  day for Defendants' case.

14) <u>Prospects of Settlement</u>: The status of settlement negotiations is:

   The parties have discussed settlement. It is unclear whether those efforts will be successful at this point.

15) <u>Other</u>: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

   - Accelerated disposition by motion is warranted in this case as the issues are ones of legal interpretation and not factual disputes.

5

Respectfully Submitted:

Dated: May 21, 2020

s/Simon Zagata

Simon Zagata (P83162)
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
szagata@mpas.org

Dated: May 21, 2020

s/Thomas M. Schehr

Thomas M. Schehr (P54391)
DYKEMA GOSSETT PLLC
Attorney for Defendant
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6800
tschehr@dykema.com