UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.[1],

      Plaintiff,

                                        Case No: 4:20-CV-10033-SDD-APP

v.

                                        Hon. Stephanie Dawkins Davis

HENRY FORD HEALTH SYSTEM,
HENRY FORD MACOMB
HOSPITAL CORPORATION and              ***Oral Argument Requested***
HENRY FORD WYANDOTTE
HOSPITAL CORPORATION,

      Defendants.
_____

Simon Zagata (P83162)          Thomas M. Schehr (P54391)
Chris Davis (P52159)            Dykema Gossett PLLC
Disability Rights Michigan      Attorney for Defendants
Attorney for Plaintiff          400 Renaissance Center, 37th Floor
4095 Legacy Parkway          Detroit, MI 48243
Lansing, MI 48911             (313) 568-6800
(517) 487-1755               tschehr@dykema.com
szagata@drmich.org
cdavis@drmich.org

_____

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

---

[1] Michigan Protection and Advocacy Service, Inc. has legally changed its name to Disability Rights Michigan.

Plaintiff, Disability Rights Michigan (DRM) (formerly Michigan Protection and Advocacy Service, Inc.) submits the following Motion for a Protective Order and states as follows:

1. In the Joint Status Report filed with this Court on May 21, 2020, the parties agreed that the issues in this case are legal in nature, waived initial disclosures, and agreed that the issues would not require discovery. ECF No. 11, PageID.136.

2. The parties set a deadline for completion of discovery "In the unanticipated event" that it would be necessary. ECF No. 11, PageID.136.

3. Defendants served Plaintiff with interrogatories, requests for production of documents and two subpoena notices on July 10, 2020. ECF No. 17-2; ECF No. 17-3; Exhibit 1.

4. Plaintiff responded to Defendants' discovery requests on August 7, 2020, objecting to every interrogatory and all but five of the requests for production. ECF No. 17-2.

5. Plaintiff also informed Defendants' counsel via email that it would not produce anyone for the requested depositions, as the information sought is irrelevant and the depositions are not proportional to the needs of the case.

1

6.  The parties conferred regarding the disputed discovery and were unable to reach an agreement.

7.  Defendants' counsel then asked for and received permission from this Honorable Court to file a Motion to Compel.

8.  Plaintiff now files its Motion for a Protective Order.

9.  In accordance with LR 7.1(a), Plaintiff's counsel sought Defendants' concurrence in this Motion via email on September 9, 2020. Defendants did not concur.

10. Defendants' Motion to Compel argues that the requested discovery is relevant because it relates to Plaintiff's claim that Defendants' have denied, prevented, or interfered with Plaintiff's investigative responsibilities. ECF No. 17 PageID.215-216, 219-222.

11. Defendants do not dispute that Plaintiff requested the documents at issue. ECF No. 9 PageID.122.

12. Defendants do not dispute that they withheld the documents at issue. ECF No. 9 PageID.123.

13. Defendants do not dispute that Plaintiff has responsibilities under federal and state law. ECF No. 9 PageID.109-110.

14. The only matter before this Honorable Court is whether federal law grants Plaintiff access to the requested documents, or not.

15.   Under this Court's precedent, Defendants have interfered with Plaintiff's investigative responsibilities as a matter of law if they have failed to produce documents Plaintiff is entitled to. *Michigan Protection & Advocacy Service, Inc. v. Flint Community Schools*, 146 F. Supp. 3d 897, 903 (E.D. MI 2015).

16.   Under the same precedent, Defendants have caused Plaintiff irreparable harm if they have failed to produce documents Plaintiff is entitled to. *Id.*

17.   Therefore, Defendants' requested discovery and depositions are irrelevant and ask for conclusions of law.

18.   Going forward with the depositions would require preparation for same, increase the costs of litigation and require the deponent to take time off work, time away from her own clients, and time away from her children to attend the depositions. Exhibit 2, Rizor Affidavit ¶¶ 11-15.

19.   Going forward with the requested discovery only serves to annoy and harass Plaintiff and delay this case.

20.   Given that resolving the claims in this case does not require further discovery of fact, the requested discovery is disproportionate to the needs of the case.

21.     Based on the foregoing, good cause exists to issue a protective order under Fed. R. Civ. P. 26(c)(1)(A).

## **RELIEF REQUESTED**

WHEREFORE, good cause exists for this Honorable Court to issue a protective order under Fed. R. Civ. P. 26(c)(1)(A).  Therefore, Plaintiff requests that this Honorable Court:

A.     Enter a Protective Order preventing Defendants' requested 30(b)(6) deposition and deposition of Andrea Rizor;

B.     Find that Plaintiff has no duty to supplement its discovery responses;

C.     Award Plaintiff reasonable expenses, including attorney fees, incurred in connection with this Motion; and

D.     Order such other, further, or different relief as the Court deems equitable and just.

Respectfully submitted,

Dated: September 11, 2020          _/s/  Simon Zagata_
Simon Zagata (P83162)
Chris E. Davis (P52159)
Disability Rights Michigan
Attorneys for Plaintiff
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
szagata@drmich.org
cdavis@drmich.org

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.[1]
,

      Plaintiff,                      Case No: 4:20-CV-10033-SDD-APP

v.                                 Hon. Stephanie Dawkins Davis

HENRY FORD HEALTH SYSTEM,
HENRY FORD MACOMB
HOSPITAL CORPORATION and
HENRY FORD WYANDOTTE
HOSPITAL CORPORATION,

      Defendants.
_____

| | |
|---|---|
| Simon Zagata (P83162) | Thomas M. Schehr (P54391) |
| Chris Davis (P52159) | Dykema Gossett PLLC |
| Disability Rights Michigan | Attorney for Defendant |
| Attorney for Plaintiff | 400 Renaissance Center, 37th Floor |
| 4095 Legacy Parkway | Detroit, MI 48243 |
| Lansing, MI 48911 | (313) 568-6800 |
| (517) 487-1755 | tschehr@dykema.com |
| szagata@drmich.org | |
| cdavis@drmich.org | |

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR A
PROTECTIVE ORDER**

---

[1] Michigan Protection and Advocacy Service, Inc. has legally changed its name to Disability Rights Michigan.

## **TABLE OF CONTENTS**

Index of Authorities ..................................................................................................ii

Statement of Issues Presented .......................................................................................iii

Most Appropriate Authority ........................................................................................iv

Background ....................................................................................................................1

Argument........................................................................................................................2

     I.    Good Cause Exists to Enter a Protective Order Under Fed. R. Civ.
          P. 26(c) ...............................................................................................................2

Conclusion .....................................................................................................................6

Certificate of Service .....................................................................................................7

i

# INDEX OF AUTHORITIES

**Cases**:

*Gulf Oil Co. v. Bernard*
    452 U.S. 89 (1981) ................................................................................4

*Michigan Protection & Advocacy Service, Inc. v. Evans*
    No. 09-12224, 2010 WL 3906259 at \*5 (E.D. Mich. Sept. 30, 2010) ...................4

*Michigan Protection & Advocacy Service, Inc. v. Flint Community Schools*
    146 F. Supp. 3d 897 (E.D. MI 2015) ........................................................4

*Serrano v. Cintas Corp.*
    699 F.3d 884 (Sixth Cir. 2012) ...........................................................3, 4

**Federal Rules**:

Fed. R. Civ. P. 26(b)(1) ...........................................................................2, 3
Fed. R. Civ. P. 26(c) ................................................................................2
Fed. R. Civ. P. 26(c)(1)(A) .......................................................................3

**Other Authority**:

8A Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 2036 (3d ed. 2012) .................................................................3

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.   IS THERE GOOD CAUSE TO ISSUE A PROTECTIVE ORDER REGARDING DISPUTED DISCOVERY IN ORDER TO GUARD AGAINST DISCOVERY AND DEPOSITION REQUESTS THAT ARE NOT PROPORTIONAL TO THE NEEDS OF THE CASE AND ONLY SERVE TO HARASS AND ANNOY PLAINTIFF AND DELAY RESOLUTION OF THIS CASE?

**PLAINTIFF ANSWERS:     YES**

**DEFENDANTS ANSWER:   NO**

# **MOST APPROPRIATE AUTHORITY**

*Michigan Protection & Advocacy Service, Inc. v. Flint Community Schools*
146 F. Supp. 3d 897 (E.D. MI 2015) ..........................................................4

*Gulf Oil Co. v. Bernard*
452 U.S. 89 (1981) ................................................................................4

*Serrano v. Cintas Corp.*
699 F.3d 884 (Sixth Cir. 2012) ...........................................................3, 4

Fed. R. Civ. P. 26(b)(1) ............................................................................2, 3
Fed. R. Civ. P. 26(c) ..................................................................................2

## BACKGROUND

In October of 2019, Plaintiff began investigations into three patient deaths at Defendants' hospitals. One patient reported to the hospital with suicidal ideation and later died of asphyxiation. ECF No. 15-3, PageID.188. The patient was found in their room with a towel wrapped around their neck. ECF No. 1-6, PageID.38. A second patient presented to Henry Ford Wyandotte with suicidal ideation. ECF No. 15-4, PageID.192. Henry Ford Wyandotte discharged that patient on February 18, 2019. ECF No. 15-4, PageID.192. The patient's son found the patient unresponsive at home, and the patient died on February 19, 2019. ECF No. 15-4, PageID.192-193. A third patient presented to Henry Ford with depression. ECF No. 15-5, PageID.197. That patient died in the ICU and their cause of death is listed as "unknown." ECF No. 15-5, PageID.196.

As a part of those investigations, Plaintiff requested documents from Defendants, including peer review documents. Defendants produced some of the documents Plaintiff requested, but refused to produce the requested peer review documents, root cause analysis and Office of Recipient Rights (ORR) reports. In response, Plaintiff filed this suit.

Throughout this suit, Defendants have argued that they do not have to disclose the disputed documents because Michigan law protects their disclosure. In the parties' Joint Status Report, they agreed that "the issues in this case are legal in

1

nature and will not require discovery, as the case centers on production of documents." ECF No. 11, PageID.136. On July 10, 2020, Defendants reversed course, sending Plaintiff Interrogatories, Requests for Production of Documents and two Deposition Notices. ECF No. 17-2; ECF No. 17-3; Exhibit 1. Plaintiff responded to the Requests for Production of Documents but objected to most of Defendants' requests. ECF No. 17-3.

Unable to resolve the dispute without the Court's intervention, Defendants requested leave to file a Motion to Compel, which the Court granted. In their Motion to Compel, Defendants argue that they need the requested discovery to evaluate Plaintiff's claims that Defendants' actions interfere with and prevent Plaintiff from fulfilling its responsibilities under federal law. ECF No. 17 PageID.215-216, 219-222. Plaintiff now files this Motion for a Protective Order, as Defendants have not identified any relevant fact or application of law to fact that they seek in discovery. There is good cause for a protective order to protect Plaintiff and the requested deponent from annoyance, harassment and undue burden and expense.

## **ARGUMENT**

### I. **Good Cause Exists to Enter a Protective Order Under Fed. R. Civ. P. 26(c).**

In every case in which the Court provides for discovery, parties may obtain discovery "regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional to the needs of the case*." Fed. R. Civ. P. 26(b)(1)

(emphasis added). Though this Court did provide for discovery, Defendants' discovery requests must still meet the baseline requirements that the matters be relevant and proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). These requirements apply to discovery generally, including depositions. Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 26(c)(1)(A) states that the court has the discretion to issue a protective order when good cause exists, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. If there is little reason for the discovery request or benefit to the requester, very slight inconvenience may be deemed unreasonable. *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (Sixth Cir. 2012) (citing 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2036 (3d ed. 2012).

In this case, Defendants' requested discovery is irrelevant to any claim or defense. Defendants claim that the discovery and depositions are relevant because they relate to Plaintiff's claims that Defendants have interfered with and prevented Plaintiff from fulfilling its responsibilities under federal law. ECF No. 17, PageID.215-217. Defendants argue that the Court must allow the discovery to analyze Plaintiff's claim for injunctive relief. ECF No. 17, PageID.220-221.

Defendants have pointed out Plaintiff's claims but have not explained how the requested discovery makes the success of those claims more or less likely. If

Defendants have withheld documents Plaintiff is entitled to, Defendants have interfered with Plaintiff's responsibilities and caused irreparable harm as a matter of law. *Michigan Protection & Advocacy Service, Inc. v. Flint Community Schools*, 146 F. Supp. 3d 897, 903 (E.D. MI 2015). "Without access to the necessary records, Plaintiff suffers irreparable harm. Given the nature of the case, there is unquestionably no adequate remedy at law and a remedy in equity is warranted." *Id.* (Quoting *Michigan Protection & Advocacy Service, Inc. v. Evans*, No. 09-12224, 2010 WL 3906259 at *5 (E.D. Mich. Sept. 30, 2010). Defendants' argument, that Plaintiff is only entitled to the documents if not having them would interfere with its investigative responsibilities, attempts to reverse that logic.

As there is no reason for the requested discovery, even a small burden on Plaintiff or the requested deponent is an unreasonable one. *Serrano*, 699 F.3d at 901. A showing of good cause requires a particularized legal or factual showing of why that burden is unreasonable. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).

Here, as discussed above, Plaintiff's responses to the requested discovery have no legal impact on the outcome of this case. Supplementing discovery responses, preparing deponents, and attending and defending depositions is annoying and causes undue burden and expense. Given that this case involves medical records, Plaintiff's counsel would be forced to comb through hundreds if not thousands of pages to redact patient identifying information. To further

4

complicate matters, Plaintiff cannot answer some of Defendants' requests, such as how not having the documents affects its ability to investigate, without reviewing the very documents at issue. ECF No. 17-2, PageID.231. Finally, as the investigations into the deaths at Defendants' facilities are ongoing, being asked to reveal its investigative process could taint those investigations.

Defendants' Fed. R. Civ. P. 30(b)(6) deposition notice seeks Plaintiff's "general methods and procedures" for its investigations, its use of peer review documents, and how Defendants' actions interfere with Plaintiff's investigations. ECF No. 17-3, PageID.237. Preparing for and attending this deposition would take time away from the deponent's normal work.  Counsel would be forced to analyze every line of questioning to prevent the answers from revealing patient identifying information. Finally, how Plaintiff uses peer review documents, besides being irrelevant to whether Plaintiff is entitled to those documents, is impossible to answer without seeing the information in the documents.

Going forward with Ms. Rizor's deposition would be an inconvenience and cause her undue burden and expense as well. On May 11, 2020, Ms. Rizor started a new job with Equip for Equality in Chicago, Illinois. Exhibit 2, Rizor Affidavit ¶ 8. Ms. Rizor's husband also started a new job. Exhibit 2, Rizor Affidavit ¶ 9. They now live in Illinois and have two young children. Exhibit 2, Rizor Affidavit ¶¶ 8-10. Depending on the time of the deposition, the Rizors may have to hire a babysitter to

look after the children. Exhibit 2, Rizor Affidavit ¶ 14. Ms. Rizor would have to take time off work to prepare for and attend the deposition. Exhibit 2, Rizor Affidavit ¶ 15. This would take time away from Ms. Rizor's new clients at her current job. Exhibit 2, Rizor Affidavit ¶ 13. All of this is an annoyance, undue burden and expense given the lack of need for this deposition.

## CONCLUSION

Plaintiff requests this Honorable Court issue a Protective Order protecting Plaintiff from having to supplement its discovery responses or produce the requested individuals for depositions.

Respectfully submitted,


Dated: September 11, 2020          */s/ Simon Zagata*
                                   Chris E. Davis (P52159)
                                   Disability Rights Michigan
                                   Attorneys for Plaintiff
                                   4095 Legacy Parkway
                                   Lansing, MI 48911
                                   (517) 487-1755
                                   szagata@drmich.org
                                   cdavis@drmich.org

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on September 11, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Dated: September 11, 2020          /s/ *Simon Zagata*
                                                     Simon Zagata (P83162)
                                                     Chris E. Davis (P52159)
                                                     Disability Rights Michigan
                                                     Attorneys for Plaintiff
                                                     4095 Legacy Parkway
                                                     Lansing, MI 48911
                                                     (517) 487-1755
                                                     szagata@drmich.org
                                                     cdavis@drmich.org